■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERNANDEZ, Appellant.—Judgment, Supreme Court, Bronx County (John Collins, J.), rendered March 3, 1988, convicting defendant, after a jury trial, of criminally negligent homicide and sentencing him to an indeterminate term of imprisonment of from 1⅓ to 4 years, unanimously affirmed.

Defendant was convicted of killing Jacqueline Mack, his live-in companion and mother of his children. They lived with Carrie Mack, the mother of Jacqueline, who was a witness against defendant. At trial, defendant unsuccessfully attempted to introduce evidence of Carrie's 1974 mental breakdown, which allegedly was caused by the refusal of the father of her unborn child to marry her. Defendant sought to introduce such evidence to establish her bias against him. While hostility of the witness towards the party he is testifying against is relevant to his credibility, a court may properly limit the introduction of such evidence where it is too remote. (People v Thomas, 46 NY2d 100, 105.) The court acted well within its discretion in requiring expert psychiatric testimony demonstrating that Carrie Mack was hallucinating at the time or that her alleged hostility to defendant was linked to the 1974 breakdown.

Defendant's argument that the prosecutor committed error on summation is unpreserved for appellate review since the complained-of remarks were never objected to at trial. (People v Medina, 53 NY2d 951.) Were we to consider these issues in the interest of justice, we would find them to be meritless. Defense counsel's summation attacked the credibility of the People's witnesses. Thus, the People could, quite properly in their summation, respond in support of the credibility of their witnesses. (See, People v Galloway, 54 NY2d 396.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.