■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered February 13, 1991, convicting defendant, after a jury trial, of five counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), five counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), four counts of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), four counts of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]), four counts of endangering the welfare of a child, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 2⅓ to 7 years for six of the sexual abuse convictions, 4 to 12 years for six of the attempted rape convictions, and 1 year for three of the endangering the welfare of a child convictions, to run consecutively to concurrent terms of 5 to 15 years for two of the attempted rape convictions, 2⅓ to 7 years for four of the sexual abuse convictions, 1 year for one of the endangering the welfare of a child

convictions, and 1 year for the weapons possession conviction, unanimously affirmed.

The infant who accused defendant of sexually molesting her on several occasions over the course of several months lived with her mother and defendant during the relevant time period. At trial, defendant offered confidential psychiatric records concerning the mother's auditory hallucinations, which were properly excluded on the ground that the mother was not a witness to any of the incidents in question and provided evidence of only marginal relevance. Defendant's theory—that the mother, under the influence of hallucinations, persuaded her daughter to fabricate charges against him—was speculative and conjectural, and not supported by the records he sought to introduce, which showed no reasonable connection between the mother's psychiatric history and any of the facts in issue (see, People v Hernandez, 163 AD2d 159, lv denied 76 NY2d 893). We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.