■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM LUGO, Appellant. [642 NYS2d 630] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered on or about February 10, 1994, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree and grand larceny in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 to 16 years, 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant's impeachment of a prosecution witness was not unduly restricted. Since the witness's psychiatrist contradicted the allegations about the witness's perception that were contained in a letter from one of defendant's friends who claimed to have been a member of the witness's therapy group, the court correctly held that the letter did not provide a good faith basis for defendant's questioning the witness about her entire psychiatric history (*People v Williams*, 188 AD2d 382, *lv denied* 81 NY2d 849). Nor did the court err in precluding defendant from recalling this witness to cross-examine her regarding collateral impeachment matters such as the use of other names, which defendant had extensively reviewed on cross-examination, and different Social Security numbers (*People v Inniss*, 83 NY2d 653, 658). In any event, any error in this regard was harmless in view of the overwhelming evidence of defendant's guilt (*People v Jones*, 207 AD2d 745, *lv denied* 85 NY2d 863).

The People were not obligated to correct inaccuracies in *Rosario* material. In any event, defendant was not prejudiced by the fact that these inaccuracies caused him to pursue a fruitless line of cross-examination. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.