■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MIDDLETON, Appellant. [860 NYS2d 553]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered August 12, 2005, convicting him of murder in the second degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove by legally sufficient evidence that he intended to cause the death of one of the victims is unpreserved for appellate review, as he failed to specifically raise this claim in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Jones*, 309 AD2d 819 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that there is a valid line of reasoning and permissible inferences

which could lead a rational person to conclude that the defendant intended to cause the death of another person (see Penal Law § 125.25 [1]; *People v Robertson,* 302 AD2d 956, 956-957 [2003]).

The defendant's contention that the jury's verdict was repugnant or inconsistent is unpreserved for appellate review (see *People v Alfaro,* 66 NY2d 985, 987 [1985]; *People v Graham,* 307 AD2d 935 [2003]) and, in any event, is without merit (see *People v Trappier,* 87 NY2d 55 [1995]; *People v Davis,* 39 AD3d 873, 875 [2007]).

Contrary to the defendant's contention, the prosecutor did not improperly comment on the defendant's prior bad acts in his opening statement, as the challenged comments provided necessary background information (see *People v Patten,* 43 AD3d 964 [2007]; *People v Monzon,* 289 AD2d 595 [2001]). Furthermore, the defendant's contention that certain testimony and evidence admitted at trial was unduly prejudicial and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, is without merit.

Contrary to the defendant's contention, the People were not obligated to correct inaccuracies in certain *Rosario* material (see *People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *People v Lugo,* 227 AD2d 247 [1996]).

The defendant's remaining contention is without merit. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.