■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATEEF THOMPSON, Appellant. [964 NYS2d 536]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered May 4, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or not fully explained by, the trial record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Taylor*, 1 NY3d 174, 175-176 [2003]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant asserts that his trial counsel's failure to object to certain lines of questioning during the prosecutor's cross-examination of defense witnesses rendered his representation ineffective. However, counsel unsuccessfully objected to these lines of questioning when he opposed an in limine motion made by the People. Counsel may have reasonably believed that making the same arguments again during cross-examination would have been futile or counterproductive (*see People v Cortez*, 85 AD3d 409, 410 [1st Dept 2011], *lv granted* 19 NY3d 972 [2012]). In any event, we conclude that counsel's failure to object to portions of the prosecutor's cross-examination and summation, and to the court's charge, met an "objective standard of reasonableness" (*Strickland*, 466 US at 688), and that defendant has not shown that these omissions affected the outcome of the case or deprived him of a fair trial.

Furthermore, the court properly exercised its discretion when it permitted the People to elicit evidence of the gang and drug activity of defendant's deceased cousin, who had been a homicide victim. The People made a sufficient showing that this evidence was relevant under the particular facts of the case, and that they had a good faith basis for this inquiry.

The portions of the prosecutor's summation to which defense counsel did object were responsive to defense arguments and drew appropriate inferences from the evidence (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). To the extent there were any improprieties, we conclude that they were not so egregious as to deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.