■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDEL VEGA, Appellant. [65 NYS3d 7]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered December 8, 2014, as amended July 18 and August 19, 2016, convicting defendant, after a jury trial, of burglary in the first degree (two counts), assault in the second degree (two counts), and endangering the welfare of a child, and sentencing him to an aggregate term of 8 years,

unanimously affirmed, without prejudice to further litigation relating to defendant's sentence in accordance with this decision.

Because defendant's dismissal motion only addressed other elements of burglary, he failed to preserve his challenge to the sufficiency of the evidence supporting the dwelling element of the burglary convictions, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also reject defendant's remaining legal sufficiency arguments and find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence abundantly established that the victim's room was a dwelling because, under the particular living arrangements presented, it was a "separately secured or occupied" unit (Penal Law § 140.00 [2]), albeit within defendant's mother's apartment, where defendant also resided. The victim, defendant's daughter, had a key to her bedroom. The victim shared the room only with her child, and she regularly locked the room. The victim's testimony and photographic evidence showed that defendant broke down the locked door to the room, establishing that he knowingly entered the room without being "licensed or privileged to do so" (Penal Law § 140.00 [5]; see People v Clarke, 185 AD2d 124 [1st Dept 1992], affd 81 NY2d 777 [1993]). The jury could have reasonably found that the living arrangements were not that of a typical family whose members generally have access to the entire residence. The victim's testimony, as well as photographs, also established that defendant's belt was a dangerous instrument under the circumstances in which it was used, since defendant repeatedly beat his daughter using the metal belt buckle, causing facial swelling, bruising on her arm and leg, a cut to her knee, and an imprint that remained visible for at least one month (see People v Rollins, 120 AD2d 896, 897 [3d Dept 1986], lv denied 68 NY2d 773 [1986]).

In its justification charge, the court properly instructed the jury to apply the deadly force standard if it found that defendant used a dangerous instrument, because, given the relationship between the relevant statutory definitions (Penal Law § 10.00 [11], [13]), the latter finding would necessarily imply that defendant used deadly force (see People v White, 66 AD3d 585, 586 [1st Dept 2009], lv denied 14 NY3d 807 [2010]). Thus, the relevant factual issue was submitted to the jury in an appropriate manner. Defendant's constitutional challenges to the court's justification charge, and his contention that the court should have charged that he had no duty to retreat, are

unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that they are without merit. In any event, any error in any portion of the justification charge was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's challenge to the court's rulings precluding his counsel from questioning the victim and defendant about the victim's mental health is unpreserved. When the court denied counsel's request on the ground that statements by defendant's and the victim's relatives did not provide a good faith basis for such an inquiry in the absence of any expert opinion, counsel acquiesced in that ruling rather than offering any further proof (*see People v Cortez*, 85 AD3d 409, 411 [1st Dept 2011], *affd* 22 NY3d 1061 [2014], *cert denied* 574 US —, 135 S Ct 146 [2014]). As an alternative holding, we find that the court properly exercised its discretion (*see People v Rivera*, 105 AD3d 1343, 1345 [4th Dept 2013], *lv denied* 21 NY3d 1045 [2013]; *People v Lugo*, 227 AD2d 247 [1st Dept 1996], *lv denied* 88 NY2d 1022 [1996]). The court made it clear that it would entertain an offer of competent medical proof, and there was no violation of defendant's right to impeach witnesses and present a defense. In any event, any error was harmless.

We conclude that defendant's excessive sentence claim is premature, and we decline to address it. Defendant's ultimate sentence as a first felony offender resulted from his successful CPL 440.20 motion to set aside, on grounds related to *People v Catu* (4 NY3d 242 [2005]), his original sentence as a second violent felony offender. However, the People, who assert that, under *People v Smith* (28 NY3d 191 [2016]), the original sentence should be reinstated, have taken an appeal from the order granting the motion, as well as challenging it through further motion practice in Supreme Court. Our present affirmance of the amended judgment of conviction is without prejudice to any of the pending litigation over defendant's second felony offender status, or to any appeal from any new resentencing that may result from that litigation, or to any appropriate application to this Court in the event that no further resentencing is forthcoming. Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.