People v Greenridge (2024 NY Slip Op 00917)

People v Greenridge

2024 NY Slip Op 00917

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-06443

[*1]The People of the State of New York, respondent,
v
Percival Greenridge, appellant.

Laurette D. Mulry, Riverhead, NY (Joseph J. Hester of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated August 17, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points on the risk assessment instrument, rendering him a presumptive level three sex offender, and applied an automatic override applicable where a defendant has inflicted a serious physical injury. By order dated August 17, 2021, the court designated the defendant a level three sex offender. On appeal, the defendant challenges the assessment of 30 points under risk factor 1 (use of violence) and 25 points under risk factor 2 (sexual contact with victim), as well as the application of the automatic override.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; see People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]).
The Supreme Court properly determined that the People established, by clear and convincing evidence, the facts supporting the defendant's designation as a level three sex offender. Contrary to the defendant's contention, the court properly assessed the defendant 30 points under risk factor 1 for being armed with a dangerous instrument, as the record demonstrates, by clear and convincing evidence, that the defendant used a metal-tipped bungee cord to repeatedly strike one of the victims during the commission of the underlying offense of sex trafficking (Penal Law § 230.34[5][a]; see People v Gorostiza, 210 AD3d 1118, 1119; People v Burrowes, 177 AD3d 1005, 1006). The defendant's contention that the bungee cord was not a "dangerous instrument" pursuant to Penal Law § 10.00(13) is unpreserved for appellate review (see People v Watkins, 168 AD3d [*2]1007, 1008) and, in any event, without merit (see Penal Law § 10.00[13]; People v Vega, 155 AD3d 462, 463, affd 33 NY3d 1002).
The Supreme Court also properly assessed the defendant 25 points under risk factor 2. The record indicates that the defendant had sexual intercourse with one of the victims (see People v Parris, 153 AD3d 68, 82-83). In addition, under the theory of accessorial liability, clear and convincing evidence demonstrates that the defendant shared the intent of the victims' clients in engaging in sexual intercourse (see People v Canady, 195 AD3d 752, 753; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006]).
The issue of whether an automatic override is applicable in this case has been rendered academic given the determination that the defendant is, by score, a level three sex offender (see People v Wilkes, 48 AD3d 777).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court