*859
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by reversing defendant’s convictions of robbery in the first and second degrees and ordering a new trial on those counts, and as so modified, affirmed.
 

 While on duty, John Perry — a parking lot attendant — was robbed of money and clothing by three masked men with guns. One of the robbers tied Perry’s hands and feet; the three men then stole a car from the lot and drove away. Perry untied his feet and hailed a police car. After placing Perry in the back seat, the police officers patrolled the area. Perry spotted the stolen car and pointed it out to the police, who, joined by other officers, chased the car and overtook it. Two of the occupants were seized, but the third — defendant—armed with a gun, fled to a nearby housing project, with two officers in pursuit. Defendant fired at one of the officers. When a patrol car approached, defendant fired in its direction, turned into an alley, entered the back door of an auto repair shop, and fired in the direction of the owner and a police officer who had entered from the front. The chase proceeded to the alley where defendant, upon being cornered, fired three shots at close range directly at police officers before being shot himself. Defendant was indicted on charges of attempted murder in the first degree, first and second degree robbery and criminal possession of a weapon.
 

 At trial, prior to summations, defense counsel requested a circumstantial evidence charge with regard to the robbery counts. The prosecutor indicated that he had no objection, and the court agreed to give the charge. Nonetheless, the court did not give the charge, and actually refused to do so when this omission was pointed out by counsel. Defendant was convicted and the Appellate Division affirmed.
 

 Perry was unable to make an identification of defendant and there was no direct evidence linking him to the robbery. Thus, as the People concede, the case against defendant on the robbery counts was wholly circumstantial. It was, therefore, error for the court to refuse to give a circumstantial evidence charge
 
 (see, People v Ford,
 
 66 NY2d 428;
 
 People v Sanchez,
 
 61 NY2d 1022), and a new trial on those counts is required.
 

 Defendant’s claim that attempted murder in the first degree is a nonexistent crime and that his convictions of that offense must be reduced to attempted murder in the second
 
 *860
 
 degree is without merit. Although in
 
 People v Smith
 
 (63 NY2d 41) we invalidated the mandatory capital sentence imposed by Penal Law § 60.06, we affirmed the defendant’s conviction of murder in the first degree. It was the death sentence, not the crime of first degree murder, that we found unconstitutional. Section 125.27 of the Penal Law, therefore, remains viable as a substantive basis for a charge of attempted murder in the first degree. Defendant’s remaining contentions are without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.