■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN GARDEN, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 24, 1989, convicting defendant after a jury trial of robbery in the second degree, and sentencing him to a term of four to twelve years imprisonment, unanimously affirmed.

Defendant Garden and two codefendants were convicted of mugging a 59 year old man on Canal Street. The mugging was observed from thirty feet away by a witness, who broke up the mugging and participated in the pursuit of the perpetrators. A police officer joined in the pursuit. Defendant and another perpetrator were apprehended shortly, and positively identified by this witness. The third perpetrator, who was observed by a second witness running with the codefendants, was apprehended nearby when that witness directed police to him. This perpetrator also was identified by the first intervening witness. The victim of the mugging identified the two codefen-

dants, but could not identify Garden, who had grabbed him from behind.

One of the two codefendants testified in his own behalf. Although originally protected by a favorable *Sandoval* ruling suppressing inquiry of pending charges, his denial of having been involved in prior crimes, or prior thefts, opened the door to impeachment by the People. Codefendant admitted being involved in a theft subsequent to his arrest in this case, but denied being involved in a second theft, also arising subsequent to the present arrest. This evidence was properly admitted against the defendant Garden. At trial, defendant never objected that the jury might infer from such evidence that he was involved with the codefendant in those unrelated crimes. Any such claim is not preserved for appellate review as a matter of law (CPL 470.05 [2]), and there is no reason to review in the interest of justice. In any event, the argument is without merit.

Under the standards set forth in *People v Bleakley* (69 NY2d 490), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of the evidence. Further, defendant never requested a circumstantial evidence charge employing "moral certainty" phrasing, at trial. As such, the claim is unpreserved for review. However, even if defendant had requested such a charge, since this was a mixed direct and circumstantial evidence case, the instruction would have been unnecessary *(People v Silva,* 69 NY2d 858).

Finally, sentencing rests within the sound discretion of the trial court *(People v Farrar,* 52 NY2d 302, 305-306), and in the instant case we find no basis to disturb the exercise of that discretion. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.