THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELDER BRADLEY, Appellant. [899 NYS2d 494]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered August 25, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in refusing to redact medical records concerning the victim's shoulder injury before admitting the records in evidence. The disputed excerpts of the records state that the victim had been diagnosed with a fracture of his "right shoulder/scapula" and, because the records were directly related to the diagnosis and treatment of the victim, they were admissible without redaction (*see People v Harris*, 132 AD2d 940, 941 [1987]). Defendant's objections to the admissibility of the disputed excerpts "go to the weight [there]of . . . and not to [their] admissibility" (*People v Davis*, 95 AD2d 837, 838 [1983]). Defendant further contends that, even in the absence of any error in the admission of the medical records, the court erred in denying his request for a charge on causation, i.e., that the jury should have been instructed that it could consider evidence regarding the victim's shoulder injury only if it found that defendant caused that injury. We reject that contention, in view of our conclusion that there was no issue at trial with respect to the causation of the victim's shoulder injury. The victim testified that defendant caused his shoulder injury and that, when he was taken to the hospital, he was treated for injuries to his head and shoulder. In addition, the victim testified that he had no head or shoulder problems before he was struck with the bat.

Finally, defendant contends that he was entitled to an expanded circumstantial evidence charge. We agree with the People that defendant's statements to the victim, immediately prior to and after the incident, constitute admissions of guilt

and thus that a circumstantial evidence charge was not warranted (*see People v Pagan*, 159 AD2d 6 [1990], *lv denied* 76 NY2d 895 [1990]; *see also People v Rumble*, 45 NY2d 879 [1978]), let alone an expanded charge. We note in any event that a witness testified that she heard a "clunk" and observed defendant standing over the victim while the victim was holding his head. She further testified that, several moments later, the victim ran by the witness and was bleeding from his head. Thus, there was other direct evidence of defendant's guilt such that a circumstantial evidence charge was not warranted (*cf. People v Silva*, 69 NY2d 858, 859 [1987]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.