# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**127**

**KA 09-02337**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID A. BROWN, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

DAVID A. BROWN, DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 8, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the fourth degree (§ 145.00 [1]) in connection with the burglary of a car dealership. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different result would not have been unreasonable based upon defendant's testimony that he happened upon a burglary in progress and cut his finger when he placed computer equipment that had been left outside the building on the desk that was near the broken window, we conclude that the jury's credibility determination is entitled to great weight and it will not be disturbed here (*see id.*). We reject defendant's contention that County Court erred in refusing to charge the jury that the case against him was based entirely on circumstantial evidence inasmuch as the DNA evidence and defendant's testimony constituted direct evidence (*see People v Whitfield*, 72 AD3d 1610, *lv denied* 15 NY3d 811; *see generally People v Guidice*, 83 NY2d 630, 636).

Defendant further contends that he was penalized for exercising his right to a trial because he was sentenced as a second felony offender to an aggregate term of imprisonment of 3¼ to 6½ years rather

than a term of 2½ to 5 years, as offered prior to trial.  We reject that contention.  " 'Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater . . ., it is . . . to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (*People v Smith*, 21 AD3d 1277, 1278, *lv denied* 7 NY3d 763, quoting *People v Pena*, 50 NY2d 400, 412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087).  Indeed, we note that defendant was eligible to be sentenced as a persistent felony offender (*see* Penal Law § 70.10 [1] [a]), but that the court denied the People's request that he be sentenced as such.

Contrary to the contention of defendant in his pro se supplemental brief, the conviction is supported by legally sufficient evidence (*see generally Bleakley*, 69 NY2d at 495).  The DNA contained in blood samples retrieved from the desk on which the stolen computer monitor was located, as well as from the cord of a window blind, matched defendant's DNA and, during his testimony at trial, defendant admitted that he was at the location.  We reject the further contention of defendant in his pro se supplemental brief that the court erred in denying his motion seeking a change of venue or the appointment of a special prosecutor based upon an alleged conflict of interest of the District Attorney, who was a defendant in a civil action commenced by defendant.  The court properly determined that a prosecutor should be removed "only to protect a defendant from 'actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence' " (*People v Williams*, 37 AD3d 626, 627, *lv denied* 11 NY3d 836, quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 55), and defendant failed to "demonstrate 'actual prejudice or so substantial a risk thereof as could not be ignored' " (*id.*, quoting *Schumer*, 60 NY2d at 55).  We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court