### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 23, 2017                107300
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

STEVEN JAMES,
                        Appellant.
_____


Calendar Date:  January 20, 2017

Before:  Garry, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____


        Linda B. Johnson, East Greenbush, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered November 17, 2014 in Albany County, upon a verdict
convicting defendant of the crimes of robbery in the first degree
(two counts) and criminal possession of a weapon in the second
degree.

        Defendant was indicted and charged in a four-count
indictment with robbery in the first degree (two counts),
criminal use of a firearm in the first degree and criminal
possession of a weapon in the second degree.  The charges stemmed
from an incident that occurred during the early morning hours of
April 14, 2013 on Madison Avenue in the City of Albany.  The
victim, who had just left a function at a local establishment,
was entering his vehicle when an armed assailant put a gun to his

head and said, "[G]ive me all your stuff."  When the victim
hesitated, the assailant "cocked the gun back and said, 'I'm
serious.  I'm not playing,'" whereupon the victim handed over his
jewelry and cash.  The assailant then reached into the vehicle
and grabbed the victim's cell phone from his coat pocket.  As he
was fleeing the scene, the assailant fired a shot in the
direction of the victim's vehicle, striking the rear driver's
side door and shattering the window.

Although the victim did not identify defendant as his
assailant (either prior to or at trial), a subsequent forensic
analysis of DNA contained in blood droplets found on the driver's
side door handle of the victim's car was deemed to match
defendant's DNA.  Following a trial, a jury convicted defendant
of robbery in the first degree (two counts) and criminal
possession of a weapon in the second degree,[1] and defendant
thereafter was sentenced — as a second violent felony offender —
to an aggregate prison term of 23 years followed by five years of
postrelease supervision.  Defendant now appeals.

Preliminarily, we reject defendant's contention that the
People's alleged failure to comply with the provisions of CPL
160.10 and 210.10 deprived Supreme Court of personal and/or
subject matter jurisdiction.  Although the record indeed is
silent as to the procedural mechanism that was employed in order
to produce defendant for arraignment (see CPL 210.10), the fact
remains that defendant was arraigned in Supreme Court, at which
time defendant was assigned counsel, the previously sealed
indictment was opened and a plea of not guilty was entered upon
defendant's behalf, thus securing Supreme Court's jurisdiction
over both defendant and the resulting prosecution (see generally
People v Grant, 16 NY2d 722, 723 [1965], cert denied 382 US 975
[1966]; People v Golston, 13 AD3d 887, 889 [2004], lv denied 5
NY3d 789 [2005]).  Similarly, to the extent that defendant
contends that the People failed to obtain his fingerprints in
violation of CPL 160.10, we need note only that (1) any omission
in this regard was occasioned by defendant's admitted refusal to

---

[1]  The remaining count of the indictment was dismissed prior
to trial.

be fingerprinted, (2) Supreme Court had a prior fingerprint report of defendant at its disposal, and (3) "nothing contained in CPL 160.10 suggests that compliance therewith is a predicate to personal or subject matter jurisdiction of [the c]ourt" (People v Crandall, 228 AD2d 794, 796 [1996], lv denied 88 NY2d 983 [1996]). Accordingly, defendant's jurisdictional claims must fail.

Although we reject defendant's assertion that the underlying verdict is against the weight of the evidence, we agree that a new trial is warranted due to Supreme Court's denial of defendant's request for a wholly circumstantial evidence charge. As the Court of Appeals recently reiterated, "[i]t is well settled that a trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence. By contrast, where there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (People v Hardy, 26 NY3d 245, 249 [2015] [citations omitted]). Direct evidence, which "proves directly a disputed fact without requiring an inference to be made" (id. at 251), may include, among other things, eyewitness testimony attesting to a defendant's participation in the crime (see e.g. People v Daddona, 81 NY2d 990, 992-993 [1993]; People v Wall, 92 AD3d 812, 813 [2012], lv denied 18 NY3d 999 [2012]; People v Bradley, 72 AD3d 1628, 1629 [2010], lv denied 15 NY3d 772 [2010]; People v Roldan, 211 AD2d 366, 367-368 [1995], affd 88 NY2d 826 [1996]) or a defendant's incriminating statements to others if such statements "constitute[] a relevant admission of guilt" (People v Guidice, 83 NY2d 630, 636 [1994] [internal quotation marks and citation omitted]; see e.g. People v Griffin, 28 AD3d 578, 579 [2006], lv denied 7 NY3d 789 [2006]; People v Rodriguez, 259 AD2d 713, 714 [1999], lv denied 93 NY2d 928 [1999]; People v Barnes, 162 AD2d 1039, 1040 [1990], lv denied 76 NY2d 890 [1990]). Circumstantial evidence, on the other hand, requires the trier of fact "to make a number of logical leaps" (People v Carter, 97 AD3d 492, 496 [2012]) or to draw "additional inferences" (People v Saxton, 75 AD3d 755, 758 [2010], lv denied 15 NY3d 924 [2010]) from the proof presented in order to connect the defendant to the charged crimes (see generally People v Wlasuik, 136 AD3d 1101, 1104 [2016], lv denied 27 NY3d 1009 [2016]; People v Callicut,

101 AD3d 1256, 1259-1260 [2012], lvs denied 20 NY3d 1096, 1097 [2013]).

    Contrary to the People's assertion, this was not a case "where both direct and circumstantial evidence [were] employed to demonstrate . . . defendant's culpability[,] thereby negating the need for the [requested] charge" (People v Carter, 97 AD3d at 496 [internal quotation marks and citation omitted]).  While there indeed is no question – based upon the victim's testimony and the photographic evidence contained in the record – that the charged crimes did in fact occur, the record makes clear – and the People readily concede – that there was no direct evidence identifying defendant as the perpetrator.  In this regard, while the People are correct that a DNA match "can provide strong evidence of a person's presence at and participation in a criminal act" (People v Wesley, 83 NY2d 417, 421 [1994]; accord People v Rush, 242 AD2d 108, 110 [1998], lvs denied 92 NY2d 860, 905 [1998]; see generally People v Brown, 92 AD3d 1216, 1217 [2012], lv denied 18 NY3d 992 [2012]), a defendant's mere presence at the scene of the crime in close temporal proximity to its commission does not establish his or her identity as the perpetrator (see People v Sanchez, 61 NY2d 1022, 1023 [1984]; People v Jones, 105 AD3d 1059, 1060 [2013], lv denied 21 NY3d 1016 [2013]).  Simply put, where there is no direct evidence linking the defendant to the charged crimes, courts consistently have required that a circumstantial evidence charge be given (see People v Santiago, 22 NY3d 990, 991-992 [2013]; People v Silva, 69 NY2d 858, 859 [1987]; People v Sanchez, 61 NY2d at 1023; People v Jones, 105 AD3d at 1060; People v Carter, 97 AD3d at 496; People v Saxton, 75 AD3d at 758; People v Lynch, 309 AD2d 878, 878 [2003], lv denied 2 NY3d 742 [2004]).  As the People's proof relative to the identity of the perpetrator here was entirely circumstantial, Supreme Court should have granted defendant's request to charge the jury accordingly; moreover, as the proof against defendant was less than overwhelming, we cannot deem the court's failure to grant the requested charge to be harmless error (see People v Saxton, 75 AD3d at 758; People v Lynch, 306 AD2d at 60).

    To be sure, Supreme Court did give a hybrid or modified circumstantial evidence charge to the jury and, therefore, this is not a case where the trial court simply outright refused to

grant any circumstantial evidence charge at all. That said, we reject the People's assertion that the circumstantial evidence charge actually given by Supreme Court here was sufficient. "[W]hen the evidence is circumstantial[,] the jury should be instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (People v Sanchez, 61 NY2d at 1024; accord People v Ford, 66 NY2d 428, 441 [1985]; see People v Harris, 88 AD3d 83, 86 [2011], revd on other grounds 19 NY3d 679 [2012]). Here, although Supreme Court charged the jury that "the inference of guilt should flow naturally from the facts proven and be consistent with them all" and reiterated that "the inference of guilt must flow irresistibly from the facts proven and not be the result of strained or conjectural reasons," the court's charge did not include all of the legally required language (compare People v Wlasuik, 136 AD3d at 1104-1105). Under these circumstances, "the jury could not have known of its duty to apply the circumstantial evidence standard to the prosecution's entire case" (People v Sanchez, 61 NY2d at 1023).

In light of our remittal for a new trial, defendant's pro se claim of prosecutorial misconduct is effectively academic. That said, we note in passing that while the bulk of the prosecutor's comments relative to the blood found on the victim's vehicle and the import of the resulting DNA match to defendant constituted fair comment upon the evidence, the prosecutor exceeded the bounds of permissible commentary when, during the course of his summation, he told the jury, "[Y]ou know that the blood [on the victim's car] belongs to the robber."

Garry, J.P., Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.


ENTER:

Robert D. Mayberger
Clerk of the Court