Matter of Rain (2018 NY Slip Op 04820)





Matter of Rain


2018 NY Slip Op 04820


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of MARY ELIZABETH RAIN, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARY ELIZABETH RAIN, Respondent. (Attorney Registration No. 2720183) (Proceeding No. 1)
In the Matter of MARY ELIZABETH RAIN, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARY ELIZABETH RAIN, Respondent. (Attorney Registration No. 2720183) (Proceeding No. 2)

Calendar Date: June 27, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for petitioner.
William J. Dreyer, Dreyer Boyajian LLP, Albany, for respondent.



MEMORANDUM AND ORDER
Respondent was admitted to practice by the Fourth Judicial
Department in 1996, and previously served as the District
Attorney of St. Lawrence County from 2013 through 2017. By
petition of charges marked returnable March 2017, petitioner alleged two charges of professional misconduct against respondent constituting five distinct violations of the Rules of Professional Conduct (22 NYCRR 1200.0). Subsequently, in July 2017, petitioner commenced the second of these proceedings, alleging four charges containing nine separate specifications of professional misconduct. Together, the two petitions alleged 29 distinct violations of the Rules of Professional Conduct (22 NYCRR 1200.0). Following joinder of issue, a Referee was appointed to hear and report on all disputed issues, and a hearing was held in January and March 2018. In May 2018, the Referee issued his report sustaining both charges of misconduct on the March 2017 petition along with six separate specifications within charges 1 through 4 of the July 2017 petition, constituting 24 distinct Rule violations. The Referee did not sustain three of the specifications within charge 4 of that petition.
On the first charge of professional misconduct in the March 2017 petition, the Referee determined that respondent had engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on her fitness as a lawyer due to certain prosecutorial misconduct previously identified by this Court in People v Wright (133 AD3d 1097 [2015]). Specifically, this Court had determined in Wright that respondent had made four separate improper remarks during her summation that "'exceeded the bounds of fair advocacy'" such that "no curative instruction could have alleviated the prejudice created" and, accordingly, respondent's actions deprived the defendant of a fair trial (id. at 1098—1099, quoting People v Calabria, 94 NY2d 5519, 522-523 [2000]). On the second charge in the March 2017 petition, the Referee determined that respondent improperly executed and served grand jury subpoenas with no intention of presenting the information obtained to an actual grand jury, instead providing the information garnered from the subpoenas to police to aid in their investigation. The Referee found that respondent's use of the subpoenas as an investigative tool violated well-established principles that limit the subpoena process to proceedings before a grand jury or court (see Rodrigues v City of New York, 193 AD2d 79, 86 [1993]; compare People v Crispino, 298 AD2d 220, 221 2002], lv denied 99 NY2d 627 [2003]). The Referee ultimately determined that respondent's actions constituted fraudulent conduct which was prejudicial to the administration of justice and adversely reflected on her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]; see also People v Neptune, 161 Misc 2d 781, 783 [Sup Ct, Kings County 1994]; ABA Standards for the Administration of Criminal Justice, [*2]standard 3.1 [d]).
On charges 1 (A) and 1 (B) of the July 2017 petition, the Referee determined that respondent consciously disregarded this Court's order authorizing a law intern in her office (see Rules of App Div, 3d Dept [22 NYCRR] § 805.5) by failing to seek redesignation of the intern following the intern's failure of the bar examination and by allowing the intern to improperly conduct a felony jury trial and related suppression hearing. The Referee determined that respondent violated the Rules of Professional Conduct via her conscious disregard of this Court's order, her failure to adequately supervise the intern and by aiding the intern in the unauthorized practice of law (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 3.4 [c]; 5.3 [a]; 5.5 [b]). Further, the Referee found that her actions were prejudicial to the administration of justice and adversely reflected on her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d], [h]).
Finally, the Referee sustained charges 2, 3 (A) and (B) and 4 (C) of the July 2017 petition, all of which originated from respondent's role in a homicide prosecution arising from the death of a 12-year-old child. The Referee determined that respondent had consciously disregarded the attorney-client relationship of an incarcerated witness by directing investigators to disregard the witness's expressed wishes, stated through his attorney, that the attorney be present during an interview that took place at the facility in which he was incarcerated. Accordingly, the Referee determined that her actions constituted conduct prejudicial to the administration of justice and adversely reflected on her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d], [h]). The Referee also sustained a charge alleging that respondent had made misleading statements to petitioner in connection with the above-referenced conduct, and that such conduct involved dishonesty, was prejudicial to the administration of justice and reflected adversely on her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]).
In connection with the information garnered by investigators during that aforementioned interview, the Referee sustained further allegations that respondent consciously disregarded her obligation to disclose exculpatory evidence to defense counsel in the homicide case in violation of her obligations as a prosecutor (see CPL 240.20 [1] [h]; see generally Brady v Maryland, 373 US 83 [1963]). Specifically, the Referee determined that respondent had been provided an oral summary of the above-referenced witness statement that contained exculpatory material, and that respondent failed to take any action or make any disclosures. Such conduct was found by the Referee to constitute the improper suppression of evidence that respondent had a legal obligation to produce (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [1]), and violated her duty as a "prosecutor in criminal litigation to make timely disclosure to counsel for the defendant . . . of the existence of evidence or information known to the prosecutor . . . that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence, except when relieved of this responsibility by a protective order of a tribunal" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.8 [b]). Further, the Referee determined that such conduct was prejudicial to the administration of justice and reflected adversely on [*3]respondent's fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d], [h]). Finally, in connection with the withheld Brady material, the Referee sustained the charge alleging that respondent had attempted to mislead County Court with respect to her knowledge of the existence of exculpatory material and, in doing so, violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.3 (a) (1) in that she made a false statement of fact or law to a tribunal. Further, the Referee determined that such conduct was dishonest, prejudicial to the administration of justice and reflected adversely on her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]; see generally Matter of Stuart, 22 AD3d 131, 133 [2005], lv denied 6 NY3d 715 [2006]).
Petitioner now moves to confirm the Referee's report and, in response, respondent does not oppose petitioner's motion and has submitted an affidavit in mitigation [FN1]. Upon consideration of the facts, circumstances and record before us, we find that the allegations in the petition of charges sustained by the Referee were established by a fair preponderance of the evidence; accordingly, we confirm the Referee's report in its entirety.
Turning to the issue of the appropriate disciplinary sanction, we have considered respondent's submission in mitigation, wherein she largely contends that much of her misconduct was the result of her mere negligence as opposed to intentional conduct. However, it is evident from the record that throughout much of the events underlying these proceedings, respondent acted with either the intent or knowledge of the effect her actions would have (see ABA Standards for Imposing Lawyer Sanctions, Heading III [defining "intent"]; compare ABA Standards for Imposing Lawyer Sanctions § 5.21, with ABA Standards for Imposing Lawyer Sanctions § 5.22). Moreover, at the time of her misconduct, respondent was a seasoned prosecutor with extensive experience, and the majority of her violations evidence a pattern of disregard for defendants' rights (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [c], [d]). Further, respondent's lack of candor during petitioner's investigation into her actions further demonstrates her inability to take responsibility for her actions (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [f]; Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [ii], [iii]).
Beyond the conduct underlying these proceedings, we note that respondent's misconduct is aggravated by, among other things, her disciplinary history, which includes three prior admonitions and a letter of caution (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [a]; see also Rules of App Div 3d Dept [22 NYCRR] former § 806.4 [c] [1] [iii]). We take this opportunity to note that respondent's career demonstrates a long history of public service that is commendable. However, prosecutors carry an obligation to hold themselves to the highest [*4]standards based upon their role in our system of justice, and respondent's severe and persistent misconduct while serving in that role damages the reputation and public confidence placed on those in her former role (see People v Pugh, 107 AD2d 521, 532 [1985]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances presented, respondent should be suspended from the practice of law for a period of two years.
Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ., concur.
ORDERED that petitioner's motion to confirm the Referee's report is granted; and it is further
ORDERED that respondent's professional misconduct as set forth in charge 1 and charge 2 of the petition dated and verified February 14, 2017 is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (c), (d) and (h); and it is further
ORDERED that respondent's professional misconduct as set forth in charge 1 (specifications [A] and [B]), charge 2, charge 3 (specifications [A] and [B]) and charge 4 (specification [C]) of the petition dated and verified July 7, 2017 is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3 (a) (1), 3.4 (a) (1), (c); 3.8 (b); 5.3 (a); 5.5 (b); and 8.4 (c), (d) and (h); and it is further
ORDERED that charge 4 (specifications [A], [B] and [D]) of the petition dated and verified July 7, 2017 are dismissed as not sustained; and it is further
ORDERED that respondent is suspended from the practice of law for two years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney [*5]Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Petitioner does not move to disaffirm the Referee's report as to the unsustained specifications in charge 4 of the July 2017 petition, and we therefore dismiss such specifications as not established.