People v Taylor (2021 NY Slip Op 04258)





People v Taylor


2021 NY Slip Op 04258


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

109998
[*1]The People of the State of New York, Respondent,
v
Joshua Taylor, Also Known as Be-Bop, Appellant.

Calendar Date:January 14, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Bruce Evans Knoll, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
(1) Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered December 12, 2017, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and (2) a motion for, among other things, a reconstruction hearing.
In December 2015, based upon allegations that he shot and killed the victim outside of a social club in July 2015, defendant was charged by indictment with murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant to concurrent prison terms of 25 years to life on his conviction for murder in the second degree, 25 years to life as a persistent felony offender for his conviction of criminal possession of a weapon in the second degree and 3½ to 7 years as a second felony offender for his conviction of criminal possession of a weapon in the third degree. Defendant appeals.[FN1]
Defendant argues that his convictions are not supported by legally sufficient evidence and are also against the weight of the evidence. Defendant's trial motion for dismissal was specifically directed only at the intent element of the charge of murder in the second degree and, thus, his legal sufficiency argument is preserved only with respect to that element (see People v Shabazz, 177 AD3d 1170, 1172 [2019]; People v Signor, 173 AD3d 1264, 1264 [2019]; People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]). Nevertheless, as part of our weight of the evidence review, we necessarily consider whether the People satisfied their burden of proof for each element of the crimes for which defendant was convicted (see People v Harris, 162 AD3d 1240, 1241-1242 [2018], lv denied 32 NY3d 937 [2018]; People v Hahn, 159 AD3d 1062, 1063 [2018], lv denied 31 NY3d 1117 [2018]). In a weight of the evidence review, we first determine whether, based upon all of the credible evidence, a different finding would have been unreasonable and, if not, we then "weigh the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony" to determine if the verdict is supported by the weight of the evidence (People v Tromans, 177 AD3d 1103, 1103-1104 [2019] [internal quotation marks, brackets and citations omitted]; see People v Rudge, 185 AD3d 1214, 1215 [2020], lv denied 35 NY3d 1070 [2020]).
As relevant here, "[a] person is guilty of murder in the second degree when[,] . . . [w]ith intent to cause the death of another person, he [or she] causes the death of such person" (Penal Law § 125.25 [1]). Intent to kill may be inferred from the defendant's actions, as well as the surrounding circumstances (see People v Callahan, 186 AD3d 943, 945 [2020]; [*2]People v Reese, 166 AD3d 1057, 1058 [2018], lv denied 33 NY3d 953 [2019]; People v Hamilton, 127 AD3d 1243, 1245 [2015], lvs denied 25 NY3d 1164 [2015]). Additionally, a person is guilty of criminal possession of a weapon in the second degree when he or she knowingly "possesses any loaded firearm" and such possession takes place outside of his or her home or place of business (Penal Law § 265.03 [3]; see Penal Law § 15.05 [2]; see generally People v Saunders, 85 NY2d 339, 341-342 [1995]). Further, a person is guilty of criminal possession of a weapon in the third degree when, as charged here, he or she knowingly possesses a firearm and has been previously convicted of a crime (see Penal Law §§ 265.01 [2]; 265.02 [1]; People v Ford, 66 NY2d 428, 440 [1985]). Finally, as an implicit but necessary element of each and every crime, the People must prove beyond a reasonable doubt "the identity of [the] defendant as the person who . . . committed the crime" (People v Warren, 76 NY2d 773, 775 [1990]; see People v Whalen, 59 NY2d 273, 279 [1983]).
The trial evidence, including a statement given by defendant to law enforcement, indisputably demonstrated that defendant was present at the club on the night in question and that he was outside of the club when the victim was shot. The People, however, had to rely upon circumstantial evidence to demonstrate that defendant was the shooter and that he possessed the Colt .45 caliber handgun recovered from the scene and established as the murder weapon. To that end, surveillance footage that contained no audio and witness testimony demonstrated that both the victim and defendant — who was identified in the footage as wearing a dark zip-up hooded sweatshirt and a lanyard — were indirectly involved in an altercation inside the club prior to the shooting. Surveillance footage from outside the club did not, given the distance and vantage point of the surveillance camera, depict the shooting or a gun, but did depict witnesses fleeing the scene in reaction to something and a physical altercation ensuing between two of the remaining individuals. As depicted in the surveillance footage, a dark zip-up hooded sweatshirt was pulled off one of the participants during the altercation. The evidence established that the sweatshirt, as well as a lanyard, was subsequently recovered from the scene and that DNA taken from both items revealed mixture profiles consistent with DNA from at least two individuals, with defendant being the major contributor. An elderly eyewitness who was outside at the time of the shooting testified that he heard gunshots and then saw defendant — whom he had known for many years, but did not identify in court — with his arm extended; the elderly eyewitness provided equivocal testimony as to whether he saw a gun in defendant's hand. Another eyewitness testified that he observed three people wearing hooded sweatshirts fighting outside of the club and that, after he heard a gunshot, he saw someone in [*3]a hooded sweatshirt with an extended arm, following which he heard a second gunshot. In our view, this and other evidence, viewed in the light most favorable to the People, was legally sufficient to establish the intent element of murder in the second degree (see People v Mullings, 23 AD3d 756, 757-758 [2005], lvs denied 6 NY3d 756, 759 [2005]). Further, although a different verdict would not have been unreasonable, we find that defendant's convictions are supported by the weight of the evidence (see People v White-Span, 182 AD3d 909, 914 [2020], lv denied 35 NY3d 1071 [2020]; People v Myers, 163 AD3d 1152, 1154 [2018], lv denied 32 NY3d 1066 [2018]).
We agree with defendant that County Court erred in denying his request for a circumstantial evidence charge. "[A] trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence" (People v Hardy, 26 NY3d 245, 249 [2015]; see People v Santiago, 22 NY3d 990, 991-992 [2013]). Where, however, there is both direct and circumstantial evidence of the defendant's guilt, a circumstantial evidence charge is not required (see People v Hardy, 26 NY3d at 249; People v Stover, 178 AD3d 1138, 1145 [2019], lv denied 34 NY3d 1163 [2020]). "Direct evidence is evidence of a fact based on a witness's personal knowledge or observation of that fact," while "[c]ircumstantial evidence is direct evidence of a fact from which a person may reasonably infer the existence or nonexistence of another fact" (CJI2d[NY] Circumstantial Evidence—Entire Case; see generally People v Bretagna, 298 NY 323, 325 [1949]).
Here, there was no direct evidence identifying defendant as the shooter or as having possessed a loaded firearm. Indeed, there was no DNA or fingerprint evidence linking defendant to the Colt .45 caliber handgun that was recovered near the scene or the shell casing and projectiles that were found to have been fired from that gun (compare People v Brown, 81 AD3d 1305, 1306 [2011], lv denied 16 NY3d 856 [2011]). Further, the surveillance footage — which only distantly captured the incident — did not depict defendant with a firearm. Nor was it possible to discern from the footage who shot the victim. Contrary to the People's contention, the equivocal testimony given by the elderly eyewitness does not qualify as direct evidence in this case, given that he did not identify defendant in court and certain inferences had to be drawn from his testimony to conclude that defendant shot the victim and that he possessed a firearm (see People v Cortez, 85 AD3d 409, 411 [2011], affd 22 NY3d 1061 [2014], cert denied 574 US 858 [2014]; compare People v Golston, 13 AD3d 887, 890 [2004], lv denied 5 NY3d 789 [2005]; People v Lawrence, 186 AD2d 1016, 1017 [1992], lv denied 81 NY2d 790 [1993]). In short, the proof against defendant was entirely circumstantial and County Court erred in concluding otherwise. Accordingly, County Court should [*4]have granted defendant's request for a circumstantial evidence charge (see People v Swem, 182 AD3d 1050, 1051-1052 [2020]; People v James, 147 AD3d 1211, 1213-1214 [2017], lv denied 29 NY3d 1128 [2017]).
Despite denying defendant's request for a circumstantial evidence charge, County Court nonetheless gave a modified version of the charge. This modified version, however, was wholly inadequate. Most importantly, the modified version failed to include a critical component of the circumstantial evidence charge — namely, "'that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence'" (People v Ford, 66 NY2d 428, 441 [1985], quoting People v Sanchez, 61 NY2d 1022, 1024 [1984]; accord People v James, 147 AD3d at 1214; compare People v Wlasiuk, 136 AD3d 1101, 1104-1105 [2016], lv denied 27 NY3d 1009 [2016]). Given that County Court improperly denied defendant's request for a circumstantial evidence charge and that the modified charge was insufficient,[FN2] "the jury could not have known of its duty to apply the circumstantial evidence standard to the prosecution's entire case" (People v Sanchez, 61 NY2d at 1023; accord People v James, 147 AD3d at 1214). We do not find County Court's errors in this regard to be harmless, as the evidence of defendant's guilt was not overwhelming (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v James, 147 AD3d at 1214). Accordingly, we reverse the judgment of conviction and remit the matter for further proceedings.
In light of our determination, the remaining issues raised by defendant are academic.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the motion is denied.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: After defendant perfected his appeal and in response to this Court's request for all nonphysical trial exhibits, the People advised that a number of their trial exhibits had been lost and submitted purported recreations of the missing exhibits to the Court. Defendant then moved for, among other things, an order precluding the evidence alleged to have been recreated and allowing him to file a motion for a reconstruction hearing in County Court, together with any other relief that this Court deemed just and proper. Following oral argument, the People located the missing trial exhibits and provided them to the Court. In light of this development, we deny defendant's motion.

Footnote 2: We note that there is only one circumstantial evidence charge contained in the Criminal Jury Instructions, which is either warranted or unwarranted depending on whether or not the case consists solely of circumstantial evidence (see CJI2d[NY] Circumstantial Evidence—Entire Case; see People v Hardy, 26 NY3d at 249). Although a modified version of the charge can be deemed sufficient if certain key components are included (see e.g. People v Wlasiuk, 136 AD3d at 1104-1105), the best practice is to read verbatim the circumstantial evidence charge contained in the Criminal Jury Instructions.