People v Moore (2026 NY Slip Op 01246)

People v Moore

2026 NY Slip Op 01246

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CR-22-1911
[*1]The People of the State of New York, Respondent,
vGeorge Moore, Appellant.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Steven M. Sharp, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Albany County (William Little, J.), rendered September 7, 2022, upon a verdict convicting defendant of the crime of robbery in the second degree.
Defendant was convicted, after trial, of one count of robbery in the second degree stemming from an October 2020 robbery of Empire News — a convenience store located on Delaware Avenue in the City of Albany — during which defendant pointed what appeared to be a pistol at the store owner (hereinafter the victim), who was working at the cash register. County Court sentenced defendant, as a second felony offender, to a prison term of 12 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that the verdict is not supported by legally sufficient evidence and is also against the weight of the evidence because the People did not prove that defendant was the robber. However, as defendant's trial order of dismissal was not premised on this specific ground, his challenge to the legal sufficiency of the evidence is unpreserved (see People v Gentry, 218 AD3d 919, 921 [3d Dept 2023], lv denied 40 NY3d 1012 [2023]). "Nevertheless, in the course of reviewing defendant's weight of the evidence challenge, this Court necessarily evaluates whether all elements of the charged crimes were proven beyond a reasonable doubt" (People v Osman, 228 AD3d 1007, 1008 [3d Dept 2024] [internal quotation marks and citations omitted]). "When undertaking a weight of the evidence review, this Court must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and, if not, then it must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence. When conducting this review, this Court considers the evidence in a neutral light and defers to the jury's credibility assessments" (People v Moore, 223 AD3d 1085, 1086-1087 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 41 NY3d 1003 [2024]).
As relevant here, "[a] person is guilty of robbery in the second degree when he [or she] forcibly steals property and when . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.10 [2] [b]). "Finally, as an implicit but necessary element of each and every crime, the People must prove beyond a reasonable doubt the identity of the defendant as the person who committed the crime" (People v Taylor, 196 AD3d 851, 853 [3d Dept 2021] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 37 NY3d 1030 [2021]).
During the victim's testimony, a video of the robbery was admitted into evidence. The video shows [*2]a man wearing jeans, a burgundy sweatshirt, a black North Face backpack, a mask and gloves entering the convenience store, getting a drink from the fridge, going to the counter, pointing a gun at the victim and then leaving the store with a black plastic bag. The victim testified that the robber told the victim to give him cash and Newport cigarettes, which the victim did. The victim also explained that, along with the cash, were several credit card receipts that he inadvertently grabbed while getting the cash out of the register. After police arrived on the scene and viewed the video of the robbery, a description of the robber was provided over the radio to police, who began canvassing the area. An individual, identified at trial as defendant, was subsequently apprehended not far from the scene of the crime because he matched the description of the robber. The victim was brought to defendant to perform a show-up identification, and although the victim testified that defendant was wearing the same pants and sneakers as the robber, he did not recognize defendant's face as the robber had been wearing a face mask. A black North Face backpack defendant was wearing was secured by police and later searched pursuant to a search warrant. Inside of the backpack was a black plastic bag containing Newport cigarettes, cash, credit card receipts from Empire News on Delaware Avenue and an imitation firearm. To the extent it could be said that a different verdict would not have been unreasonable given that the victim could not identify defendant as the robber because the robber's face had been covered, "viewing the [foregoing] evidence in a neutral light, weighing the probative force of the conflicting testimony and considering the relative strength of the inferences to be drawn therefrom, while deferring to the jury's credibility determinations, we are satisfied that defendant's conviction[ ] for . . . robbery in the second degree . . . [is] not against the weight of the evidence" (People v Shabazz, 211 AD3d 1093, 1098 [3d Dept 2022], lv denied 39 NY3d 1113 [2023]; see People v Scott, 219 AD3d 1572, 1576 [3d Dept 2023]).
County Court did not err in denying defendant's challenge for cause to a juror whose father was a victim of a robbery 32 years prior and who unequivocally assured the court that he could be fair and impartial (see People v Joseph, 235 AD3d 898, 899 [2d Dept 2025], lv denied 43 NY3d 964 [2025]; People v Everett, 231 AD3d 1296, 1302 [3d Dept 2024], lv denied 42 NY3d 1052 [2024]). Defendant's argument that this challenge for cause is akin to an implied bias challenge and thus requires automatic exclusion is without merit (see CPL 270.20 [1] [c]; compare People v Furey, 18 NY3d 284, 287-288 [2011]).
Finally, we decline defendant's invitation to reduce his sentence in the interest of justice (see CPL 470.15 [6] [b]). We have reviewed defendant's lengthy criminal history and the circumstances of the present crime and do not find the imposed sentence [*3]unduly harsh or severe (see People v Terry, 240 AD3d 1128, 1134 [3d Dept 2025], lv denied 44 NY3d 995 [2025]; People v Scott, 219 AD3d at 1578). To the extent preserved, defendant's remaining contentions have been examined and found to be lacking in merit.
Aarons, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.