THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT PACIENZA, Appellant. [935 NYS2d 896]—

Contrary to the defendant's contention, Penal Law § 250.45 (3) (a) is not unconstitutionally vague. The statute provides a person of ordinary intelligence with a reasonable opportunity to know the conduct that is proscribed and contains clear standards for enforcement (*see People v Stuart*, 100 NY2d 412, 420 [2003]; *People v Shack*, 86 NY2d 529, 538 [1995]; *People v Eun Sil Jang*, 17 AD3d 693 [2005]). In addition, the rebuttable presumption set forth in Penal Law § 250.45 (3) (b) is not a violation of due process rights, as there is a rational connection between the facts proved and the fact presumed (*see People v Leyva*, 38 NY2d 160, 165-166 [1975]; *People v Terra*, 303 NY 332, 335 [1951]; *People v Rosano*, 69 AD2d 643, 656 [1979], *affd* 50 NY2d 1013 [1980]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Belen, Roman and Sgroi, JJ., concur.