[5 NE3d 985, 982 NYS2d 822]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. SCHREIER, Appellant.

Argued January 6, 2014; decided February 13, 2014

*Lipsitz Green Scime Cambria, LLP*, Buffalo (*Timothy P. Murphy* of counsel), for appellant. The evidence was legally insufficient to convict appellant of second-degree unlawful surveillance under Penal Law § 250.45 (1). (*People v Malizia*, 62 NY2d 755; *People v Bleakley*, 69 NY2d 490; *People v Misevis*, 76 NY2d 777; *People v Ramos*, 19 NY3d 133; *Jackson v Virginia*, 443 US 307; *People v Finger*, 95 NY2d 894; *People v Gray*, 86 NY2d 10; *People v Newman*, 87 AD3d 1348; *Matter of Kayla F.*, 39 AD3d 983; *People v Church*, 31 AD3d 892.)

*Sandra Doorley, District Attorney*, Rochester (*Nicole M. Fantigrossi* of counsel), for respondent. The verdict was supported by legally sufficient evidence. (*People v Smith*, 6 NY3d 827, 548 US 905; *People v Contes*, 60 NY2d 620; *Matter of Kadeem W.*, 5 NY3d 864; *People v Steinberg*, 79 NY2d 673; *People v Barnes*, 50 NY2d 375; *People v Willis*, 79 AD3d 1739, 16 NY3d 864; *People v Byron*, 17 NY2d 64; *Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475; *People v Zapata*, 41 AD3d 109; *People v Thomas*, 36 NY2d 514.)

### OPINION OF THE COURT

Chief Judge LIPPMAN.

The issue presented by this appeal is whether there is legally sufficient evidence to support defendant's conviction for the crime of unlawful surveillance in the second degree (Penal Law § 250.45). We find that each element of the offense was established beyond a reasonable doubt and therefore affirm.

Just before 7:30 a.m. on December 24, 2008, defendant stood outside the front door of his neighbor's townhouse and used his compact video camera to film complainant while she was naked in her second floor bathroom. Complainant had just emerged from the shower and had opened the bathroom door to allow the steam to dissipate and to be able to hear her sleeping child if he awoke. Defendant recorded her for several minutes as she saw to her personal hygiene. He used the camera's zoom feature and adjusted the focus in order to obtain closer views. When complainant happened to look at the front door, she noticed a red light and saw a black-gloved hand holding a camera. She then quickly shut the bathroom door and called the police.

The bathroom was located at the top of the stairs, almost directly in line with the front door to the townhouse. The front door was solid wood with a semi-circular, decorative window

near the top and a peephole at eye level, which allowed the occupants to see outside. The placement of the decorative window was such that a person of average height standing outside the door would not be tall enough to see through into the second floor bathroom.

Upon their arrival, the police observed footsteps in the snow, concentrated between complainant's door and defendant's townhouse, adjacent to hers. When the officers asked defendant about the incident, he ultimately admitted taking the video and gave the police his camera and a memory card. An investigator from the district attorney's office (who, like defendant, was six feet, two inches tall), testified that in order to obtain images of the bathroom through the window, he had to hold the camera over his head.

Defendant was convicted, after a nonjury trial, of unlawful surveillance in the second degree. County Court denied his motion for a trial order of dismissal (29 Misc 3d 1191 [Monroe County Ct 2010]). The Appellate Division affirmed, finding that the evidence established that defendant had surreptitiously recorded complainant for his own amusement or entertainment at a time and place where she had a reasonable expectation of privacy (96 AD3d 1453 [4th Dept 2012]). A Judge of this Court granted defendant leave to appeal (19 NY3d 1105 [2012]), and we now affirm.

As relevant here, a person is guilty of the crime of unlawful surveillance in the second degree when, for his or her own:

> "amusement, entertainment, or profit, or for the purpose of degrading or abusing a person, he or she intentionally uses or installs, or permits the utilization or installation of an imaging device to surreptitiously view, broadcast or record a person dressing or undressing or the sexual or other intimate parts of such person at a place and time when such person has a reasonable expectation of privacy, without such person's knowledge or consent" (Penal Law § 250.45 [1]).

Defendant concedes that complainant was unaware of, and did not consent to, being observed and recorded. He argues, however, that legally sufficient evidence was lacking as to certain other statutory elements.

This legislation, known as Stephanie's Law (L 2003, ch 69), was enacted to combat "video voyeurism" (*see* William C.

Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 250.40 at 250). The woman for whom the law was named had been secretly recorded in her bedroom by her landlord, who had placed a hidden camera in a smoke detector (*see id.*). Although the genesis of the statute was a case involving a recording device that was hidden from all public view, there is no indication that the legislature intended that the term "surreptitiously" be read so narrowly.

Defendant maintains that there is insufficient evidence that the recording was surreptitiously made, within the meaning of the statute, because his conduct was out in the open and in full public view. The Penal Law provides definitions for several of the words and phrases relating to unlawful surveillance, but does not define the term "surreptitiously." Nor does the legislative history furnish any guidance regarding the significance of this particular term. We therefore apply its common meaning (*see e.g. People v Quinto*, 18 NY3d 409, 417 [2012])—something done "by stealth" or "clandestinely" (Merriam-Webster's Collegiate Dictionary [11th ed 2003], surreptitiously). The statute, then, requires that the perpetrator make an effort to conceal his conduct or to escape detection. In other words, the element of surreptitiousness is clearly not duplicative of the requirement that the recording be made without the victim's knowledge or consent. Contrary to defendant's argument, however, it is not necessary that the conduct be entirely imperceptible to all members of the general public. Rather, whether a defendant's actions can be considered surreptitious is dependent upon the particular facts and circumstances presented.

■ Here, viewing the evidence in the light most favorable to the People, defendant's conduct was surreptitious in nature. Although he was standing on complainant's front step, potentially exposed to public view, it was at 7:30 a.m. on Christmas Eve. The argument that defendant's conduct was completely out in the open, for anyone who happened by to see, is undermined given the predawn hour.* Moreover, defendant was holding the

---

* Indeed, in its decision denying the motion for a trial order of dismissal, County Court found that it was still dark outside at the time of the offense (*see* 29 Misc 3d 1191, 1193 [2010]). Moreover, we can take judicial notice that sunrise was at 7:41 a.m. that day (*see* United States Naval Observatory, Astronomical Applications Department, Complete Sun and Moon Data for One Day, Form A - U.S. Cities or Towns, Dec. 24, 2008, Rochester, New York, http://aa.usno.navy.mil/data/docs/RS_OneDay.php [accessed Jan. 23, 2014]).

small black camera in his black-gloved hand. In addition, he apparently had to hold the camera over his head, in the air, in order to get the proper angle and used the zoom function. Under the circumstances, there is legally sufficient evidence that defendant was acting in a furtive or stealthy manner, attempting to obtain the video of complainant without being discovered—in other words, that he was acting surreptitiously.

Defendant also argues that complainant did not have a reasonable expectation of privacy because her unclothed body could be seen from a lawful public vantage point without the need for technological enhancement, such as a telephoto lens. The Penal Law defines a "place and time when such person has a reasonable expectation of privacy" as "a place and time when a reasonable person would believe that he or she could fully disrobe in privacy" (Penal Law § 250.40 [1]).

One's own bathroom must certainly be the quintessential example of a location where an individual should expect privacy. To be sure, complainant did have the bathroom door open and, as it turned out, was videoed from the front step. However, there is no indication that complainant had any inkling that she could be seen from outside or that she needed to take any measures to shield herself from view. Indeed, when she realized that she was being videoed, she immediately closed the bathroom door. Given the early morning hour, the height of the front door window and that the six feet, two inch defendant apparently had to hold the camera over his head in order to obtain the necessary angle, a reasonable person would expect that complainant could disrobe with privacy in her second floor bathroom. It cannot be that the legislature intended New Yorkers to have to shutter their own residences completely in order to garner the protection of this Penal Law provision. Defendant's conduct was an unmistakable violation of complainant's reasonable expectation of privacy and the evidence was legally sufficient to support this element of the offense.

Defendant urges us to evaluate the reasonableness of complainant's expectation of privacy using Fourth Amendment jurisprudence. We decline to do so. As noted above, the legislature expressly defined the "reasonable expectation of privacy" for purposes of this statute. Moreover, the Fourth Amendment's concern with protecting citizens from unreasonable *government* intrusions into their private matters would appear to have limited relevance in this context (*see e.g. People v Adler*, 50 NY2d 730, 736-737 [1980]).

Defendant's remaining argument is without merit.

Accordingly, the order of the Appellate Division should be affirmed.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed.