■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOVAN, Appellant. [46 NYS3d 523]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at first *Gomberg* inquiry; Jill Konviser, J., at second *Gomberg* inquiry, jury trial and sentencing), rendered October 20, 2015, convicting defendant, after a jury trial, of rape in the third degree (five counts), criminal sexual act in the third degree (three counts) and of endangering the welfare of a child, and sentencing him to an aggregate term of 2½ years, unanimously affirmed.

Defendant made a valid waiver of his right to conflict-free representation. Any conflict created by defendant's retained attorney's involvement in defendant's inappropriate contact with a witness in this case did not rise to the level of a nonwaivable conflict, such as where the attorney is accused of crimes relat-

ing to the underlying charges against the client (*see e.g. United States v Perez*, 325 F3d 115, 125-127 [2d Cir 2003]; *People v Cortez*, 85 AD3d 409, 410 [1st Dept 2011], *affd* 22 NY3d 1061 [2014]; *see also People v Konstantinides*, 14 NY3d 1, 13-14 [2009]). At two stages of the proceedings, the respective courts conducted thorough inquiries pursuant to *People v Gomberg* (38 NY2d 307 [1975]), which included the participation of independent counsel appointed for defendant by the court, and warnings about the specific risks involved in continuing with the retained attorney. We find that defendant, who insisted on proceeding with the attorney of his choice, made a valid waiver of the conflict, and we reject his arguments to the contrary.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). There is no basis to disturb the court's credibility determinations that the nondiscriminatory explanations for the challenges at issue were not pretextual, a finding that is supported by the record and entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The court providently exercised its discretion in denying defendant's mistrial motion, made after the court determined that a witness's testimony about the victim's report of her sexual activity with defendant failed to qualify for admission under the prompt outcry exception to the hearsay rule. The court struck the offending testimony and delivered a curative instruction that was sufficient to alleviate any possible prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). In any event, the evidence of guilt was overwhelming and the hearsay testimony was cumulative to the victim's own testimony.

The portion of the prosecutor's summation to which defendant objected on the ground of vouching constituted permissible comment on a credibility issue (*see People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]). Defendant's remaining challenges to the summation, and to an investigator's testimony, are unpreserved and we decline to review them in the interests of justice. As an alternative holding, we find no basis for reversal. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.