■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LEMA, Appellant. [55 NYS3d 656]—

Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered September 8, 2015, as amended September 29, 2015, convicting defendant, after a jury trial, of two counts of unlawful surveillance in the second degree, and sentencing him to concurrent terms of one to three years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Although defendant used a phone camera to record underneath women's skirts on a subway train, no image of their "sexual or other intimate parts" (Penal Law § 250.45 [4]) resulted because of the dark lighting conditions. We conclude that the statute is satisfied so long as a defendant attempts to create such an image.

Penal Law § 250.45 (4) provides that a person is guilty of unlawful surveillance in the second degree when, "[w]ithout the knowledge or consent of a person, he or she intentionally uses or installs, or permits the utilization or installation of an imaging device to surreptitiously view, broadcast or record, under the clothing being worn by such person, the sexual or other intimate parts of such person." Notably, the statute does not require that there be any actual viewing, broadcasting, or recording. The statute uses the word "to," which connotes purpose,

but does not necessarily require consummation. Thus it can fairly be said that defendant used the device "to . . . record," that is, for the *purpose* of creating a recording, even though that recording was never successfully made. This interpretation is most consonant with the intent and purpose of the statute (*see* William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 250.45 at 348-349).

For the same reasons, the court did not err in responding to a jury note by instructing the jury that "there is no requirement that you actually get a clear picture" of a person's sexual or intimate parts to be guilty of unlawful surveillance in the second degree. Concur—Sweeny, J.P., Mazzarelli, Webber and Kern, JJ.