People v Fraser (2018 NY Slip Op 01431)





People v Fraser


2018 NY Slip Op 01431


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


2652/10 5895 5894

[*1]The People of the State of New York, Respondent,
v
Carl Fraser, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (William Kendall of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Courtney M. Wen of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered February 22, 2013, convicting defendant, after a jury trial, of 14 counts of unlawful surveillance in the second degree, and sentencing him to an aggregate term of 2&frac23; to 8 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence that defendant surreptitiously used his camera to take photographs of the intimate body parts of his victims. The evidence supports the conclusion that "defendant was acting in a furtive or stealthy manner, attempting to obtain the [photos] without being discovered — in other words, that he was acting surreptitiously" (People v Schreier, 22 NY3d 494, 499 [2014]). Although "the element of surreptitiousness is clearly not duplicative of the requirement that the recording be made without the victim's knowledge or consent" (id. at 498), the type of photography in which defendant engaged, commonly known as "upskirting," inherently requires "an effort to conceal [one's] conduct or to escape detection" (id.). We have considered and rejected defendant's remaining arguments regarding the sufficiency and weight of the evidence.
We perceive no basis for reducing the sentence. The sentencing court's discretionary determination to certify defendant as a sex offender under the special provision relating to unlawful surveillance convictions (see Correction Law § 168-a [2][e]) was also providently made.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK