The People of the State of New York, Respondent, 
against
Herbert Swinton, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J. at plea; Kevin B. McGrath, J. at sentencing), rendered January 4, 2013, convicting him, upon a plea of guilty, of attempted unlawful surveillance in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J. at plea; Kevin B. McGrath, J. at sentencing), rendered January 4, 2013, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of unlawful surveillance in the second degree (see Penal Law § 250.45[4]; see generally People v Schreier, 22 NY3d 494 [2014]). The instrument alleges that, at a specified date, time and location, defendant placed "a cell phone on the ground directly underneath a female individual [who] was wearing a skirt"; that the defendant "did not have her consent to film her sexual and intimate parts"; and that when the officer recovered the cell phone from defendant "immediately after the defendant grabbed [the] phone off the ground," the "phone was on." These allegations were nonconclusory and facially sufficient to support the charged offense (see People v Lema, 152 AD3d 440 [2017], lv denied 30 NY3d 1020 [2017]; see also People v Fraser, 159 AD3d 447 [2018], lv denied 31 NY3d 1081 [2018]).
Contrary to defendant's present contention, the instrument sufficiently alleges that he utilized an "imaging device," which is defined as including a "cellular phone or any other instrument capable of recording, storing or transmitting visual images that can be utilized to observe a person" (Penal Law § 250.40[2]). Based upon allegations that, in a public location, defendant placed a cell phone underneath a woman's skirt, and that he did not have said woman's consent "to film" her sexual and intimate parts, a reasonable person could infer that the cell [*2]phone was utilized to record visual images.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: March 30, 2020