People v Lamb (2022 NY Slip Op 07267)

People v Lamb

2022 NY Slip Op 07267

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

113087
[*1]The People of the State of New York, Respondent,
v
John Lamb, Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Sasha Mascarenhas of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court of St. Lawrence County (Gregory P. Storie, J.), rendered September 14, 2021, upon a verdict convicting defendant of the crime of unlawful surveillance in the second degree.
Defendant's neighbor discovered on her property a camera that was focused on the bedroom window of her daughter (hereinafter the victim) and was recording the victim. In connection with this, defendant was charged by indictment with unlawful surveillance in the second degree. Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant to a term of imprisonment. Defendant appeals.
As relevant here, the People were obligated to prove that defendant, "[f]or no legitimate purpose, . . . intentionally
. . . install[ed] . . . an imaging device to surreptitiously view, broadcast or record a person in a bedroom . . . without such person's knowledge or consent" (Penal Law § 250.45 [3] [a]). In challenging the verdict as not being supported by legally sufficient evidence, defendant argues that the proof failed to demonstrate that he acted surreptitiously. That said, in applying its common meaning, the Court of Appeals has held that surreptitiously is "something done by stealth or clandestinely" (People v Schreier, 22 NY3d 494, 498 [2014] [internal quotation marks and citation omitted]).
The trial testimony reveals that, one night, the neighbor, who lived across the street from defendant, left her house and did not notice anything on her property. When the neighbor returned approximately one hour later, she noticed something shiny on her lawn as she pulled her car onto the driveway and found a camera situated on top of a black tripod. The neighbor explained that the camera was found by a large pine tree and was approximately 50 feet from her house. The neighbor testified that, when she discovered the camera, it was very dark out, the camera was zoomed in on the victim's bedroom and the camera was actively recording the victim. A trooper who responded to the scene stated that the camera was located slightly forward from the tree's lower hanging branches. The trooper also stated that the neighbor's house was not by a main road and that there were no streetlights. Viewing this evidence in the light most favorable to the People, as well as the photographic and video evidence, legally sufficient evidence supports the surreptitious element of unlawful surveillance in the second degree (see People v Schreier, 22 NY3d at 498-499).
Defendant also contends that the verdict is against the weight of the evidence. As part of his defense, defendant offered testimonial proof that the camera was stolen from him and that the tripod found on the lawn was not his. The jury could have credited defendant's proof and, therefore, an acquittal would not have been unreasonable (see People v File, 201 AD3d 1036, 1038 [3d Dept 2022], lv denied 38 NY3d 950 [2022]). Although defendant maintains that the People's witnesses [*2]were less credible that his witnesses, assessing the credibility of each witness is a matter for the jury's resolution, to which deference is given (see People v Harris, 206 AD3d 1063, 1064 [3d Dept 2022]). Viewing the evidence in a neutral light and weighing the relative probative force of conflicting testimony and the inferences that may be drawn therefrom, the verdict is not against the weight of the evidence (see People v Pacienza, 91 AD3d 672, 673 [2d Dept 2012], lv denied 18 NY3d 961 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Regarding defendant's motion for a mistrial, defendant sought such relief after the trooper testified that defendant "asked for a lawyer." In responding to defendant's motion for mistrial, the People did not dispute the prejudicial impact of the trooper's remark but commented that it came during defense counsel's cross-examination of the trooper. County Court noted this and also found that there was no indication of malfeasance on the part of the People and that the unsolicited remark was not repetitive. In view of the foregoing, the court providently exercised its discretion in denying the motion (see People v Carmel, 298 AD2d 928, 929 [4th Dept 2002], lv denied 99 NY2d 556 [2002]; People v Shaffer, 223 AD2d 755, 755-756 [3d Dept 1996], lv denied 87 NY2d 1025 [1996]) and ameliorated any prejudice with a curative instruction and a direction to the jury to disregard the statement (see People v McLean, 243 AD2d 756, 756-757 [3d Dept 1997], lv denied 91 NY2d 928 [1998]).
Contrary to defendant's assertion, the People did not improperly use evidence of his prearrest silence during the trooper's direct examination (see People v Regan, 196 AD3d 735, 740 [3d Dept 2021]). To the extent that defendant also asserts that the People committed the same error when using defendant's grand jury testimony as part of their case-in-chief, this assertion is unpreserved in the absence of a timely objection (see People v Hunt, 50 AD3d 1246, 1248 [3d Dept 2008], lv denied 11 NY3d 789 [2008]).
Defendant contends that County Court erred in denying his request for a circumstantial evidence charge. The People opposed defendant's request on the ground that such charge was not warranted because there was both direct and circumstantial evidence of defendant's guilt. It is true that the People tendered direct evidence in the form of defendant's admission that the camera was his, the pictures of him discovered on the SD card therein and the victim's testimony that consent was not given to record her. Proof by direct evidence as to one element of a crime, however, does not mean that a circumstantial evidence charge should be not given (see People v Santiago, 22 NY3d 990, 992 n [2013]). "The charge is required where, as here, the only proof that defendant committed the crime charged was circumstantial" (id.).
That said, the record fails to disclose any eyewitness testimony — or any other proof — identifying defendant as the [*3]perpetrator who placed the camera on the neighbor's lawn (compare People v Golston, 13 AD3d 887, 890 [3d Dept 2004], lv denied 5 NY3d 789 [2005]). To conclude that defendant was the perpetrator, the jury had to make an inference based upon defendant's ownership of the camera and the pictures of him found therein. Because "the People's proof relative to the identity of the perpetrator . . . was entirely circumstantial" (People v James, 147 AD3d 1211, 1214 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]; see People v Santiago, 22 NY3d at 992 n; People v Taylor, 196 AD3d 851, 854 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]), County Court should have granted defendant's request for a circumstantial evidence charge (see People v James, 147 AD3d at 1214; People v Jones, 105 AD3d 1059, 1060 [2d Dept 2013], lv denied 21 NY3d 1016 [2013]; People v Spencer, 1 AD3d 709, 710 [3d Dept 2003]; People v David, 234 AD2d 787, 790 [3d Dept 1996], lv denied 89 NY2d 1034 [1997]). Under the circumstances of this case, the court's error was not harmless and, therefore, a new trial is required (see People v James, 147 AD3d at 1214; People v Richards, 226 AD2d 559, 560 [2d Dept 1996], lv denied 88 NY2d 969 [1996]). Based on this determination, defendant's argument challenging the severity of the imposed sentence is academic.
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.