People v Diaz

2026 NY Slip Op 02300

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Amanda C. Diaz, Appellant.

Decided and Entered:April 16, 2026

113420

Calendar Date: February 18, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers And Mackey, JJ.

Joseph Kirby, Ithaca, for appellant.

F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]

Mackey, J.

Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered October 21, 2021, upon a verdict convicting defendant of the crimes of aggravated driving while intoxicated with a child passenger, driving while intoxicated and endangering the welfare of a child.

On Halloween 2020, two off-duty paramedics discovered defendant in her motor vehicle, stopped but still running, in the middle of State Route 17 in Broome County. Defendant's young child was in the back seat. The off-duty paramedics pulled over their respective vehicles to assist and, finding defendant disoriented and uncooperative, they removed her from the vehicle and called emergency services. A state trooper soon arrived at the scene and, based upon his observations and certain of defendant's statements, he administered a field sobriety test, which defendant failed. Defendant was thereafter charged by indictment with aggravated driving while intoxicated with a child passenger (count 1) (see Vehicle and Traffic Law § 1192 [2-a] [b]), driving while intoxicated (count 2) (see Vehicle and Traffic Law § 1192 [3]), and endangering the welfare of a child (count 3) (see Penal Law § 260.10 [1]). Following a jury trial, defendant was found guilty as charged. She was later sentenced to concurrent terms of incarceration of 1 to 3 years, to be followed by five years of probation, for counts 1 and 2 and to one year for count 3. Defendant appeals.

Defendant contends that her convictions for counts 1 and 2 are against the weight of the evidence. "In a weight of the evidence analysis, we view the evidence in a neutral light and determine whether a different verdict would have been unreasonable; if a different verdict would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Ferguson, 193 AD3d 1253, 1254 [3d Dept 2021] [citations omitted], lv denied 37 NY3d 964 [2021]; see People v Goberdhan, 241 AD3d 992, 993 [3d Dept 2025], lv denied 44 NY3d 1011 [2025]). As charged here, a person is guilty of aggravated driving while intoxicated with a child passenger when he or she operates a motor vehicle "in violation of [Vehicle and Traffic Law § 1192 (3)] while a child who is [15] years of age or less is a passenger in such motor vehicle" (Vehicle and Traffic Law § 1192 [2-a] [b]). Relatedly, a person is guilty of driving while intoxicated when he or she "operate[s] a motor vehicle while in an intoxicated condition" (Vehicle and Traffic Law § 1192 [3]). "[A] driver is intoxicated when he or she has voluntarily consumed alcohol to the extent that he or she is incapable of employing the physical and mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Carota, 93 AD3d 1072, 1073 [3d Dept 2012] [internal quotation [*2]marks, brackets and citation omitted]; accord People v Varno, 239 AD3d 1149, 1150 [3d Dept 2025], lv denied 44 NY3d 984 [2025]). "Generally, a driving while intoxicated verdict must be supported by evidence that the defendant was in an intoxicated condition when he or she operated the vehicle" (People v Erfurt, 234 AD3d 1120, 1121 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 1008 [2025]).

At trial, the first of the two off-duty paramedics (hereinafter the first paramedic) testified that, at approximately 2:20 p.m., he observed defendant's vehicle stopped in the middle of the road. He and the second off-duty paramedic (hereinafter the second paramedic) approached and turned off defendant's vehicle. The first paramedic observed defendant in the driver seat and a child in the back seat, noting that defendant "had mascara running down her face and was very disoriented to person, place and time." After removing defendant from the vehicle, he called 911 to report the incident. According to the first paramedic, defendant's respiration and pulse rate were normal but she was confused, disoriented and unable to walk. The second paramedic echoed the first paramedic's testimony, however, she further averred that during her assessment of defendant "[t]here was a faint odor of an alcoholic-like beverage on [defendant's] breath."

A state trooper who responded to the scene testified that defendant's "eyes were very red, bloodshot, and they were very glossy," she was unable to stand, had "mumbled speech" and could not make "complete, full sentences." According to the trooper, when he asked defendant whether she had consumed alcohol, she responded in the affirmative but did not know how much. The trooper testified that, having been trained to administer standardized field sobriety testing, he then administered a horizontal gaze nystagmus test to defendant — which defendant failed, having scored six out of six possible indicators of intoxication. At the hospital, where defendant was later transferred, the trooper observed defendant's behavior deteriorate as she became "irate" with staff. A second state trooper, who provided support at the scene and later at the hospital, likewise testified that he observed defendant to be "quite belligerent" at the hospital, "out of control" and unfocused, and that her speech was "slurred and for the most part incoherent."

In contrast, defendant's sister testified that on the day of the incident she had been with defendant and the child, who was born in 2013, from late morning until approximately 1:00 p.m. During that time, the sister maintained that she did not witness defendant consume alcohol, nor did she observe defendant to be disoriented or otherwise acting in a concerning manner. In view of this testimony, and in the absence of chemical testing, a different verdict would not have been unreasonable (see e.g. People v Erfurt, 234 AD3d at 1122). Nevertheless, the jury was entitled to reject [*3]the sister's testimony and instead credit that of the other witnesses. According due deference to the jury's credibility determinations, we find that defendant's convictions for driving while intoxicated and aggravated driving while intoxicated with a child passenger are not against the weight of the evidence (see id. at 1122-1123; People v Carota, 93 AD3d at 1074-1075; People v McDonald, 27 AD3d 949, 950 [3d Dept 2006]).

Finally, we are unpersuaded by defendant's contention that County Court erred in denying her motion for a mistrial based upon certain hearsay testimony. "The decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion " (People v Reynolds, 239 AD3d 1098, 1100 [3d Dept 2025] [quotation marks and citations omitted]; see People v Ferrara, 243 AD3d 962, 967 [3d Dept 2025]; People v Birch, 228 AD3d 991, 993 [3d Dept 2024], lv denied 42 NY3d 969 [2024]). At trial, the People elicited testimony from the second paramedic that she had asked the child during the incident whether the child knew "what was wrong" with defendant, and that the child had responded that defendant was "high." Defense counsel objected on hearsay grounds and, notwithstanding the People's assertion that their intent was to elicit testimony that the child was not aware of defendant having any medical issue, County Court immediately instructed the jury to disregard the child's alleged response. Defense counsel thereafter moved for a mistrial on the basis of prosecutorial misconduct. After discussion with both counsel, in which the People reiterated that they had been attempting to elicit testimony as to defendant's alleged absence of an "acute medical problem," the court denied defendant's motion but again instructed the jury "to totally disregard the response of the child, that there was a question asked of the child, [and] what the child said."

To the extent that the People elicited improper hearsay testimony, any prejudice was mitigated upon defendant's sustained objection and County Court's prompt and repeated instruction to the jury to disregard the challenged testimony (see People v Varno, 239 AD3d at 1152; People v Lamb, 211 AD3d 1345, 1347 [3d Dept 2022]; People v Hovan, 146 AD3d 498, 499 [1st Dept 2017], lv denied 29 NY3d 1033 [2017]). Moreover, any such error was harmless considering the overwhelming evidence of defendant's guilt, unrelated to her possible use of drugs (see Vehicle and Traffic Law § 1192 [2-a] [b]; [3]; see generally People v Erikson, 156 AD2d 760, 763 [3d Dept 1989], lv denied 75 NY2d 966 [1990]). As to defense counsel's assertion that the People's line of questioning constituted prosecutorial misconduct, "the record does not reflect that [such questioning] was part of a flagrant and pervasive pattern causing substantial prejudice to defendant, particularly considering the overwhelming evidence of defendant's guilt" (People v Johnson[*4], 225 AD3d 927, 935 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; see People v Davis, 200 AD3d 1200, 1205 [3d Dept 2021]). Upon this record, we do not find that County Court's denial of defendant's request for a mistrial was an abuse of discretion nor did it deprive defendant of a fair trial (see People v Johnson, 225 AD3d at 935; People v McCarty, 221 AD3d 1360, 1368 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]; People v Hovan, 146 AD3d at 499).

Defendant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.

Reynolds Fitzgerald, J.P., Ceresia, Fisher and Powers, JJ., concur.

ORDERED that the judgment is affirmed.